UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE POE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | Case No. 4:25-CV-1338-ACL |
| FLEMING'S PRIME STEAKHOUSE AND WINE BAR, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendant's Motion to Dismiss for failure to state a claim. (Doc. 6.)

### I.     Background

On July 3, 2025, Plaintiffs Christine Poe and Dr. Leroy Scott filed a Petition in the Circuit Court of St. Louis County, Missouri, against Fleming's Prime Steakhouse and Wine Bar ("Fleming's") alleging race discrimination in public accommodation under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq*. ("MHRA"). (Doc. 4.) The Petition states that Plaintiffs entered the premises of Defendant's restaurant on October 7, 2023, for the purpose of dining, and Defendant refused to serve Plaintiffs and requested that Plaintiffs leave the premises. *Id.* at 3. Plaintiffs allege that Defendant's refusal to serve Plaintiffs was not based on any legitimate reason and was instead based on unlawful discrimination in violation of the MHRA. *Id.*

On September 5, 2025, Defendant removed the action to this Court on the basis of diversity of citizenship. (Doc. 1.)

1

Defendant filed a Motion to Dismiss, in which Defendant argues that the Complaint should be dismissed for failure to state a claim upon which relief can be granted, because Plaintiffs failed to exhaust their administrative remedies. Defendant additionally argues that Plaintiffs failed to state a claim under the MHRA, because they did not plead they were members of a protected class or that their membership in a protected class was the motivating factor for any alleged discrimination.

Plaintiffs have not responded to Defendant's Motion and the time for doing so has expired.

## II.     Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Johnson v. McDonald Corp.*, 542 F. Supp. 3d 888, 890 (E.D. Mo. 2021). The Court accepts all factual allegations as true and construes them in favor of the plaintiff. *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

## DISCUSSION

### I.     Timeliness and Failure to Exhaust Administrative Remedies

The MHRA establishes a statutory cause of action for discrimination. The MHRA requires a plaintiff to exhaust his or her administrative remedies before filing suit. *Jeffery v. St.*

*Louis Fire Dep't*, 506 S.W.3d 394, 398 (Mo. App. 2016). In order to exhaust administrative remedies for a claim under the MHRA, a plaintiff must file a complaint with the Missouri Commission on Human Rights ("MCHR") within 180 days of the alleged discrimination and either adjudicate the claim through the MCHR or obtain a right-to-sue letter. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000); Mo. Rev. Stat. § 213.075.1. The MHRA's exhaustion requirement is jurisdictional. Mo. Rev. Stat. § 213.075.1 (referring to the "jurisdictional precedent to filing a civil action under" the MHRA).

Here, Plaintiffs do not allege in their Petition that they filed a charge of discrimination or received a notice of right to sue, and no such documents have been filed. Defendant states that Fleming's is unaware of any filing of a charge of discrimination, and only became aware of Plaintiffs' allegations when the Petition was filed. (Doc. 7 at 3.) Because the alleged discrimination occurred on October 7, 2023, Plaintiffs were required to file their charge of discrimination no later than April 4, 2024. As previously noted, Plaintiffs did not respond to Defendant's Motion to Dismiss. Thus, Plaintiffs have failed to demonstrate they have exhausted their administrative remedies and their Complaint will be dismissed on this basis.

## II.     Failure to State a Claim

Defendant additionally argues that Plaintiffs fail to state a claim upon which relief may be granted because they have not pleaded sufficient facts to establish the elements of a claim of discrimination under the MHRA.

To succeed on a claim of discrimination under the MHRA a plaintiff must show that: (1) plaintiff is a member of a class protected by § 213.065; (2) plaintiff was discriminated against in the use of a public accommodation (as defined by § 213.010); and (3) plaintiff's status as a member of a protected class was a contributing factor in that discrimination. *M.N. by & Through*

3

*S.N v. N. Kansas City Sch. Dist.*, 597 S.W.3d 786, 792 (Mo. Ct. App. 2020) (quoting *Appleberry ex rel. R.M.A. v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 430 (Mo. banc 2019)).

Here, as Defendant points out, Plaintiffs did not plead that they are members of a protected class. Instead, Plaintiffs state that they were denied full and equal use and enjoyment of Defendant's restaurant "based on Plaintiff's race," but do not articulate the race of either Plaintiff. (Doc. 4 at 4.) Thus, even if Plaintiffs could demonstrate they exhausted their administrative remedies, Plaintiffs' Complaint would be subject to dismissal for failure to state a MHRA claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed**.

      /s/ *Abbie Crites-Leoni*
  ABBIE CRITES-LEONI
  UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of January, 2026.