UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE POE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | Case No. 4:25-CV-1338-ACL |
| FLEMING'S PRIME STEAKHOUSE | ) | |
| AND WINE BAR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Plaintiffs' Motion to Reconsider this Court's Memorandum and Order granting Defendant's Motion to Dismiss. (Doc. 17.) Defendant opposes the Motion. (Doc. 20.)

## I.      Background

Plaintiffs Christine Poe and Dr. Leroy Scott filed a Petition in the Circuit Court of St. Louis County, Missouri, against Fleming's Prime Steakhouse and Wine Bar ("Fleming's") alleging race discrimination in public accommodation under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq*. ("MHRA"). (Doc. 4.) The Petition states that Plaintiffs entered the premises of Defendant's restaurant on October 7, 2023, for the purpose of dining, and Defendant refused to serve Plaintiffs and requested that Plaintiffs leave the premises. *Id.* at 3. Plaintiffs allege that Defendant's refusal to serve Plaintiffs was not based on any legitimate reason and was instead based on unlawful discrimination in violation of the MHRA. *Id.* On September 5, 2025, Defendant removed the action to this Court on the basis of diversity of citizenship. (Doc. 1.)

1

Defendant filed a Motion to Dismiss, arguing that the Complaint should be dismissed for failure to state a claim upon which relief can be granted, because Plaintiffs failed to exhaust their administrative remedies.  Defendant additionally argued that Plaintiffs failed to state a claim under the MHRA, because they did not plead they were members of a protected class or that their membership in a protected class was the motivating factor for any alleged discrimination. Plaintiffs did not respond to Defendant's Motion.

In a Memorandum and Order date January 22, 2026, the Court granted Defendant's Motion to Dismiss.  (Doc. 16.)  The undersigned found that Plaintiffs failed to demonstrate they exhausted their administrative remedies, and failed to plead sufficient facts to establish the elements of a discrimination claim under the MHRA.

On January 28, 2026, Plaintiffs filed a Motion to Reconsider the Court's Memorandum and Order dismissing Plaintiffs' Complaint.  (Doc. 17.)  Plaintiffs first argue that their failure to timely respond to Defendant's Motion to Dismiss resulted from excusable neglect.  Plaintiffs further argue that the pleading deficiencies identified by the Court are curable by amendment.  Plaintiffs contemporaneously filed a Response in Opposition to Defendant's Motion to Dismiss.  (Doc. 18.)

Defendant filed a Response, arguing that Plaintiffs' Motion should be denied because Plaintiffs identify no manifest error of law or fact, no newly discovered evidence, and no extraordinary circumstances warranting reconsideration.  Defendant further argues that Plaintiffs fail to indicate how amendment would cure the defects identified by the Court.

## II.    Legal Standard

Under Rule 59(e), a party may file "[a] motion to alter or amend a judgment ... no later than 28 days after the entry of judgment."  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States.*

*v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).  The Eighth Circuit "has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments [that] could have been offered or raised prior to the entry of judgment." *Id.* at 934 (citations omitted).

Rule 60(b) states in relevant part that: "on motion and just terms, the court may relieve a party or its legal representative from a[n]… order, … for...: mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). "Rule 60(b) authorizes relief in only the most exceptional of cases." *Int'l Bhd. of Elec. Workers, Loc. Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002).

## III.    DISCUSSION

### A.  Excusable Neglect

Plaintiffs first argue that their failure to respond to Defendant's Motion to Dismiss "was not intentional and resulted from excusable neglect." (Doc. 17 at 2.)  Plaintiffs contend that Defendant will suffer no prejudice if reconsideration is granted, "while Plaintiffs face the severe prejudice of dismissal without an opportunity to be heard." *Id.*

"Excusable neglect, necessarily, has two components: (1) neglect or noncompliance (2) that is excusable." *Gaydos v. Guidant Corp.,* 496 F.3d 863, 866 (8th Cir. 2007).  "Excusable neglect means good faith and some reasonable basis for noncompliance with the rules." *Ivy v. Kimbrough,* 115 F.3d 550, 552 (8th Cir. 1997) (internal quotations omitted).

As Defendant points out, Plaintiffs provide no explanation as to why a timely Response to Defendant's Motion to Dismiss was not filed.  Moreover, the activity in this case during the relevant time fails to provide support for Plaintiffs' argument.  Defendant filed its Motion to

3

Dismiss on September 12, 2025.  (Doc. 6.)  While the Motion was pending, the Clerk of Court's Office issued electronic notifications directing Plaintiffs to submit various documents.  In response, Plaintiffs submitted a "Consent to Magistrate Judge Jurisdiction," Disclosure Statement, and Amended Disclosure Statement during the period of November 4, 2025, through November 19, 2025.  This activity suggests that Plaintiffs had no difficulty receiving electronic communications from the Court or complying with other deadlines in this matter during the time Defendant's Motion was pending.  Plaintiffs, however, never filed a response to Defendant's Motion to Dismiss, nor did they move for an extension of time to file a response.  The Court did not rule on the Motion until January 22, 2026.  Under these circumstances, the Court finds that Plaintiffs have failed to show a reasonable basis for their failure to respond to Defendant's Motion to Dismiss to support a finding of excusable neglect under Rule 60(b).

### B.  Amendment

Plaintiffs argue that both pleading deficiencies identified by the Court in its Memorandum and Order "are readily curable by amendment."  (Doc. 17 at 2.)  Plaintiffs state that they can "plead exhaustion consistent with the MHRA and can expressly allege their protected racial status and that race was a contributing factor in Defendant's refusal to provide public accommodation."  *Id.*

Defendant responds that Plaintiffs still do not allege they filed a charge of discrimination or received a notice of right to sue from the Missouri Commission on Human Rights, and Defendant is not aware of such a charge filed by Plaintiffs.  Defendant further notes that Plaintiffs did not plead adequate facts necessary to establish the elements of a race discrimination claim.  Finally, Defendant argues that the Court should not consider the issues raised in

4

Plaintiffs' Motion for Reconsideration because they could have been, but were not, raised at the time Defendant's Motion to Dismiss was pending.

Plaintiffs have provided no additional information for the Court to determine whether an amendment would be futile.  Plaintiffs' request for leave to amend after dismissal and without filing a proposed amended Complaint is inadequate under Eighth Circuit precedent.  *See Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 519 (8th Cir. 2018) (affirming denial of leave to amend where plaintiff did not move to amend or request leave to amend the complaint in opposition to the motion to dismiss, and did not include a proposed amendment in its brief); *United States v. Mask of Ka-Nefer-Nefer,* 752 F.3d 737, 742 (8th Cir. 2014) ("[A] district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one."); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").  The Eighth Circuit has repeatedly held that "the district court is not required to engage in a guessing game as a result of the plaintiff's failure to specify proposed new allegations." *In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 885 (8th Cir. 2009) (quoting *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 914 (8th Cir. 2002)) (internal quotations marks and alterations omitted).

In sum, Plaintiffs do not point to any manifest errors of law or fact or any newly discovered evidence, nor do they demonstrate any exceptional circumstances warranting relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider Memorandum and Order (Doc. 17) is **denied.**


        _/s/ *Abbie Crites-Leoni*_
        ABBIE CRITES-LEONI
        UNITED STATES MAGISTRATE JUDGE

Dated this  19th day of May, 2026.